# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>ALLISON, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00371-BAM (PC)<br><br>ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 2)<br><br>ORDER DIRECTING PAYMENT OF INMATE FILING FEE BY CALIFORNIA DEPARTMENT OF CORRECTIONS |

Plaintiff John Wesley Williams ("Plaintiff") is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 20, 2019, Plaintiff filed a complaint, together with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.) Plaintiff's prisoner trust fund account statement was filed on March 22, 2019. (ECF No. 5.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court Cases: (1) Williams v. Narramore, Case No. 2:03-cv-01972-UA-AJW (C.D. Cal.) (dismissed on July 25, 2003 for failure to state a claim); (2) Williams v. Gonzer, Case No. 2:04-cv-08941-UA-AJW (C.D. Cal.) (dismissed on November 22, 2004 for failure

1

However, upon review of Plaintiff's complaint, the Court finds that his allegations appear to satisfy the imminent danger exception to section 1915(g), at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007).[2]

Plaintiff has made the showing required by § 1915(a) and accordingly, the request to proceed *in forma pauperis* will be granted. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from Plaintiff's trust account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

**2. The Director of the California Department of Corrections or his or her designee shall collect payments from Plaintiff's prison trust account in an amount equal to twenty per cent (20%) of the preceding month's income credited to the prisoner's trust account and shall forward those payments to the Clerk of the Court each time the amount in the account exceeds $10.00, in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk of the Court. The payments shall be clearly identified by the name and number assigned to this action;**

---

to state a claim); (3) Williams v. Hubbard, Case No. 2:10-cv-01717-UA-FFM (C.D. Cal.) (dismissed on June 30, 2010 as frivolous, malicious, and for failure to state a claim); (4) Williams v. Malfi, Case No. 2:08-cv-01737-WBS-CMK (E.D. Cal.) (dismissed on July 29, 2010 for failure to state a claim); and (5) Williams v. Harrington, Case No. 1:09-cv-01823-GSA (E.D. Cal.) (dismissed on May 25, 2012 for failure to state a claim).

The Court also takes judicial notice of the following United States Court of Appeals case: Williams v. Hubbard, Case No. 10-56230 (9th Cir.) (dismissed on December 8, 2010 for failure to prosecute following denial of motion to proceed in forma pauperis due to finding that appeal is frivolous).

[2] In the complaint, Plaintiff appears to allege that as a result of the California Department of Corrections and Rehabilitation statewide non-designated EOP and Inpatient Initiative, which merges prisoners previously separated into general population ("GP") and special needs yard ("SNY") groups, Plaintiff has intermittently been placed in either general population or special needs yard housing since approximately November 2017. Plaintiff alleges that, due to the historical rivalry between GP and SNY prisoners, his non-designation status places him in ongoing imminent danger, and recounts several instances where he was attacked or threatened with attack by either GP or SNY prisoners. (ECF No. 1.) At this time, the Court expresses no opinion on the merits of Plaintiff's claims.

3. The Clerk of the Court is directed to serve a copy of this order and a copy of Plaintiff's in forma pauperis application on Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF); and

4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California.

IT IS SO ORDERED.

Dated: **March 25, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE