1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 JOHN WESLEY WILLIAMS, | Case No. 1:19-cv-00371-BAM (PC) |
| 12       Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND |
| 13   v. | GRANTING IN PART PLAINTIFF'S REQUEST FOR CLARIFICATION OF |
| 14 ALLISON, *et al.*, | SCREENING ORDER |
| 15       Defendants. | (ECF No. 25) |
| 16 | ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| 17 | **THIRTY (30) DAY DEADLINE** |
| 18 | |

19       Plaintiff John Wesley Williams ("Plaintiff") is state prisoner proceeding *pro se* and *in*

20 *forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

21       On July 21, 2021, the undersigned screened Plaintiff's complaint and issued an order

22 granting Plaintiff leave to file an amended complaint. (ECF No. 24.) Currently before the Court

23 are Plaintiff's objections to the screening order, characterized as a motion for reconsideration and

24 request for clarification, filed August 6, 2021. (ECF No. 25.)

25       "A motion for reconsideration should not be granted, absent highly unusual

26 circumstances, unless the district court is presented with newly discovered evidence, committed

27 clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals,*

28 *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks

1    and citations omitted), and "[a] party seeking reconsideration must show more than a

2    disagreement with the Court's decision, and recapitulation . . ." of that which was already

3    considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d

4    1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).  Additionally,

5    pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party

6    must show "what new or different facts or circumstances are claimed to exist which did not exist

7    or were not shown upon such prior motion, or what other grounds exist for the motion."  Local

8    Rule 230(j).

9         In his motion, Plaintiff essentially states his disagreement with the Court's analysis of his

10   complaint and finding that Plaintiff failed to allege facts demonstrating that the challenged

11   policies "are themselves repudiations of Plaintiff's constitutional rights," and that "the harm he

12   suffered was again a result of specific actions taken by individual defendants, rather than the

13   implementation of the policies themselves."  (ECF No. 25, p. 2 (quoting ECF No. 24, pp. 11,

14   12).)  Plaintiff argues that while the individual defendants may have lit the fuse, the NDPF policy

15   was the device created by supervisory defendants then dumped in subordinate defendants' hands.

16        Plaintiff further objects to the Court construing his complaint as attempting to allege

17   separate claims for retaliation, unlawful confiscation of property, leaking roofs, and due process

18   violations and finding that those claims are improperly joined.  Plaintiff states that he does not

19   intend to pursue claims for property loss, denial of due process, or sexual misconduct committed

20   by other prisoners, but rather merely plead facts supporting his claims regarding his placement

21   into, treatment under, and harm suffered under the NDPF policy.  Plaintiff argues that the Court

22   failed to construe the facts as a series of transactions and occurrences giving rise to the Eighth

23   Amendment violation he alleges stemmed from the NDPF policy.

24        Finally, Plaintiff requests clarification as to the Court's admonition that if he fails to file

25   an amended complaint, the Court will recommend dismissal of this action for failure to state a

26   claim, despite finding that the complaint states at least some cognizable claims.

27        Plaintiff's motion fails to present "new or different facts or circumstances . . . which did

28   not exist or were not shown upon such prior motion," as required by Local Rule 230(j).

1    Plaintiff's mere disagreement with the Court's screening order is not sufficient to demonstrate
2    that reconsideration is warranted.  To the extent Plaintiff believes the Court incorrectly screened
3    the original complaint, or that Plaintiff has presented claims that should all be joined in a single
4    action, he may file an amended complaint that attempts to cure the deficiencies identified in the
5    Court's screening order.  A motion for reconsideration, however, is not the proper vehicle for
6    such a request.

7          However, the Court will grant, in part, the request for clarification of the screening order.
8    Plaintiff is correct that the Court found that Plaintiff's complaint stated several cognizable claims,
9    specifically a retaliation claim against Defendant Cota, and failure to protect claims against
10   Defendant Castro.  However, as discussed in the screening order, Plaintiff failed to allege facts
11   demonstrating that these claims are properly joined pursuant to Federal Rules of Civil Procedure
12   18 and 20, and therefore cannot proceed in the same action.  If Plaintiff chooses not to file an
13   amended complaint, or if the amended complaint does not allege facts demonstrating that all the
14   claims are properly joined, the Court will choose which cognizable claims may proceed, rather
15   than dismissing this action for failure to state a claim.  However, if Plaintiff does not respond to
16   this order, the Court may recommend dismissal of this action for failure to prosecute.

17         Based on the foregoing, the Court will grant Plaintiff an additional thirty days to file an
18   amended complaint, to the extent he is able to do so in good faith, or to notify the Court that he
19   wishes to stand on the allegations as presented in the original complaint.

20         If he chooses to file an amended complaint, Plaintiff's amended complaint should be brief,
21   Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of
22   Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678–79.  Although accepted as true, the
23   "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
24   level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Plaintiff also is cautioned against
25   bringing unrelated claims in this matter in contravention of Federal Rule of Civil Procedure 18.
26   **Accordingly, Plaintiff's amended complaint, if any, may not exceed twenty-five (25) pages,**
27   **exclusive of exhibits**.
28   ///

3

1        Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

2 claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

3 "buckshot" complaints).

4        Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

5 *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

6 complaint must be "complete in itself without reference to the prior or superseded pleading."

7 Local Rule 220.

8        Accordingly, IT IS HEREBY ORDERED as follows:

9    1.  Plaintiff's motion for reconsideration, (ECF No. 25), is DENIED;

10    2.  Plaintiff's request for clarification of the screening order, (ECF No. 25); is GRANTED IN

11       PART, as discussed above;

12    3.  The Clerk's Office shall send Plaintiff a complaint form;

13    4.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

14       a.  File an amended complaint, **not to exceed twenty-five (25) pages**, curing the

15          deficiencies identified by the Court in the July 21, 2021 screening order;

16       b.  File a notice that he wishes to stand on the original complaint; or

17       c.  File a notice of voluntary dismissal; and

18    5.  **If Plaintiff fails to file an amended complaint, a notice that he wishes to stand on the**

19       **original complaint, or a notice of voluntary dismissal of this action in compliance**

20       **with this order, the Court will recommend dismissal of this action for failure to obey**

21       **a court order and failure to prosecute**.

22

23 IT IS SO ORDERED.

24   Dated:   **August 9, 2021**               /s/ *Barbara A. McAuliffe*

25                               UNITED STATES MAGISTRATE JUDGE

26

27

28