1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,

Plaintiff,

v.

ALLISON, *et al.*,

Defendants.

No.  1:19-cv-00371-JLT-BAM (PC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS REGARDING
DISMISSAL OF CERTAIN CLAIMS AND
DEFENDANTS WITHOUT PREJUDICE

(Doc. 33)

17      On November 22, 2021, the assigned magistrate judge screened Plaintiff's first amended

18  complaint and found that Plaintiff stated cognizable claims against Defendant Cota for retaliation

19  in violation of the First Amendment and failure to protect in violation of the Eighth Amendment.

20  (Doc. 33.)  The magistrate judge further recommended that all other claims and defendants be

21  dismissed from this action, without prejudice to refiling in a separate action, based on Plaintiff's

22  failure to state cognizable claims for relief which are properly joined pursuant to Federal Rules of

23  Civil Procedure 18 and 20. (*Id.*)  The findings and recommendations were served on Plaintiff and

24  contained notice that any objections were to be filed within 14 days after service.  (*Id.* at 18.)  On

25  December 20, 2021, Plaintiff timely filed objections to the findings and recommendations.  (Doc.

26  35.)

27      Among other things, the magistrate judge recommends dismissal of Plaintiff's challenges

28  to certain prison policies because Plaintiff failed to allege facts demonstrating that the policies in

question violated Plaintiff's constitutional rights.  Put another way, the findings and

recommendations conclude that the harms as alleged can be traced to actions taken by specific

defendants, not the policies themselves.  (*See* Doc. 33 at 10.)  Plaintiff objects to dismissal of his

claims pertaining to the Non-Designated Program Facility (NDPF) Policy.  (Doc. 35 at 2.)

Plaintiff contends that Defendants' implementation of the NDPF Policy set off a chain reaction

that led to other events and conduct, at least some of which have been found to support

cognizable claims.  (*Id*.)  Generally, Plaintiff alleges that the NDPF policy commenced a process

of "merging yards" or "integrating yards," which forced prisoners to house together regardless of

whether they were designated to be housed in a "special needs unit" or the general population.

(*See id*. at 3.)

Plaintiff contends that Defendant Cota retaliated against him for engaging in protected

conduct by accusing Plaintiff of indecent exposure, which resulted in Plaintiff being moved from

a general population housing unit to a housing unit designated for prisoners who engage in

indecent exposure (the "IEX" unit or "IEX NDPF" program), all of which was done under the

NDPF policy.  (*See id*. at 4.)  While in the IEX unit, Plaintiff alleges he was subjected to sub-

standard housing conditions and to indecent exposure by other inmates.  (*Id*.)  Defendant Cota

also allegedly "advertised" Plaintiff as a sex offender to prisoners in the general population unit

where Plaintiff had been housed.  (*Id*.)

Plaintiff was eventually returned to the general population after he was found "not guilty"

of the indecent exposure violation.  (*Id*. at 5.)  Upon his return to the general population, Plaintiff

alleges that a different defendant—Defendant Castro—made it known to other prisoners in the

general population that Plaintiff could be targeted for violent attack.  (*Id*. at 6.)

The Court finds Plaintiff's objections regarding his NDPF policy claims unconvincing.

There is no indication that merely because the policy required consolidation of housing units that

this would give rise to the unlawful conduct described by Plaintiff. The fact that his transfer to the

IEX unit was made under the NDPF policy is insufficient because there is no showing that such a

transfer, on its own, would violate Plaintiff's rights.  Rather, it was the specific circumstances of

the transfer, including the fact that it was allegedly initiated in retaliation against Plaintiff's

1    protected conduct and that Defendant Cota allegedly "advertised" to other prisoners that Plaintiff

2    was a sex offender, that forms the basis of Plaintiff's cognizable claims.  It is apparent that none

3    of the unlawful conduct attributed to the individuals was contemplated, condoned, or encouraged

4    by the policy. Consequently, the Court agrees with the Magistrate Judge's analysis.

5          In addition, the magistrate judge recommends dismissal of Plaintiff's claims concerning

6    housing conditions and exposure to other prisoners' sexual misconduct as well as Plaintiff's

7    claims against Defendant Castro, because those claims have been improperly joined with the

8    claims found cognizable against Defendant Cota (*See generally id*.) Because the claims against

9    Castro and Cota do not arise out of the same transaction or occurrence or series of transactions of

10   occurrences and do not have common questions of fact or law, the Court agrees that the claims

11   against Castro were improperly joined by Plaintiff in this action.

12         Plaintiff next appears to object to dismissal of his due process claim.  The findings and

13   recommendations conclude that "to the extent that Plaintiff was denied any procedural protections

14   at the committee," which initially reviewed the indecent exposure charge against Plaintiff,

15   "Plaintiff's allegations fail to state a due process claim because he was ultimately found not

16   guilty." (*Id*. at 13.)  In addition, the magistrate judge correctly indicated that Plaintiff cannot

17   maintain a due process claim simply because he was held in the IEX unit pending resolution of

18   the charges against him.  (*Id*. (*citing Resnick v. Hayes*, 213 F.3d 443, 448–49 (9th Cir. 2000)

19   (finding plaintiff had no protected liberty interest in being free from confinement in the SHU

20   pending his disciplinary hearing).))  Plaintiff objects on the ground that the mere re-housing of

21   him into that unit "solidified the sex offender labeling to [the] prison general population."  (Doc.

22   35 at 3.)  Again, Plaintiff does not allege any facts that suggest the existence of the IEX unit is, on

23   its own, a violation of this constitutional rights.  Rather, he alleges that Defendant Cota's labeling

24   of him as a sex offender was "solidified" by his placement in the IEX unit.  There are no

25   allegations that anyone involved in the committee process that placed him in the IEX unit had any

26   knowledge that Plaintiff was being labeled by any other defendant as a sex offender and therefore

27   no basis to extend Plaintiff's claim about such labeling to any defendant associated with the

28   committee process.

1    Finally, Plaintiff objects to the findings and recommendations because he argues that the

2    order prejudices his ability to proceed in this action because he is considered a "three-striker,"

3    and the magistrate judge originally determined that Plaintiff's challenge to Defendants' NDPF

4    Policy satisfied the imminent danger requirement.  Now that the magistrate judge is

5    recommending dismissal of all NDPF related claims, Plaintiff is concerned that he may no longer

6    satisfy the imminent danger requirements.  (Doc. 35 at 3.)  As to this objection, the Court finds

7    first, that this does not constitute a legitimate objection to the Magistrate Judge's analysis.

8    Second, the imminent danger except to the "three-strike" provision of the PLRA is determined at

9    the time of the filing of the complaint, so Plaintiff's IFP status is not at issue now. *Andrews v.*

10   *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007)

11    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a

12   *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's

13   objections, the Court finds the findings and recommendations to be supported by the record and

14   by proper analysis. Accordingly,

15    1.  The findings and recommendations issued on November 22, 2021, (Doc. 33), are

16        adopted in full.

17    2.  This action shall proceed on Plaintiff's first amended complaint, filed October 28,

18        2021, (Doc. 31), against Defendant Cota for retaliation in violation of the First

19        Amendment and failure to protect in violation of the Eighth Amendment.

20    3.  All other claims and defendants are dismissed from this action, without prejudice to

21        refiling in a separate action, for failure to state cognizable claims for relief which are

22        properly joined pursuant to Federal Rules of Civil Procedure 18 and 20; and

23    4.  This action is referred to the magistrate judge for proceedings consistent with this

24        order.

25

26   IT IS SO ORDERED.

27    Dated:   **March 15, 2022**

28

UNITED STATES DISTRICT JUDGE