# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLISON, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00371-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF No. 61) |

## I.     Introduction

Plaintiff John W. Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Cota for retaliation in violation of the First Amendment and failure to protect in violation of the Eighth Amendment.

On January 11, 2023, Plaintiff filed a motion for leave to file an amended complaint, together with a lodged second amended complaint. (ECF Nos. 61, 62.) Defendant Cota filed an opposition on January 20, 2023, (ECF No. 63), and Plaintiff filed a reply on February 2, 2023, (ECF No. 64). The motion is fully briefed. Local Rule 230(l).

///

///

II. **Summary of Plaintiff's Allegations**

Plaintiff's proposed second amended complaint names the following defendants: (1) Correctional Lieutenant Brown; (2) Correctional Sergeant J. Navarro; (3) Correctional Sergeant Magallanes; (4) Correctional Officer Ferreira; and (5) Correctional Officer M. Cota. Briefly summarized, Plaintiff alleges as follows:

Claim One

On November 19, 2017, Sergeant Navarro became upset while supervising correctional officers (C/Os) searching Plaintiff's cell, because Plaintiff asked why his cell was being targeted for repeated searches. Navarro ordered two subordinate C/Os to hold Plaintiff pinned and facing against a wall while he positioned himself behind Plaintiff's rear and pressed his body and equipment against Plaintiff's buttocks for 3 to 5 minutes. Navarro repeatedly challenged and dared Plaintiff to resist. The incident intensified Plaintiff's antagonized mental state and provoked him to cut his wrists. Navarro learned of Plaintiff's self-inflicted wound and ordered a C/O to handcuff and escort Plaintiff to a holding cage, where he was interviewed by Lieutenant Brown and Sergeant Magallanes. Magallanes called Plaintiff a snitch for reporting Navarro's sexual mistreatment and threatened to have Plaintiff sexually harassed every day and to "kick [his] ass" if Plaintiff went to medical for aid or to report his cut wrist, all while Brown stood listening. In an effort to conceal the sexual misconduct and self-mutilation, Navarro orchestrated for a C/O to generate a false RVR charging Plaintiff with a violation for delaying a peace officer in the performance of duties and appointed himself as the supervising reviewer of the RVR.

Claim Two

On November 25, 2017, Plaintiff witnessed C/O Ferreira assault Inmate Bradley. On November 28, 2017, Ferreira had Plaintiff's cell door opened and said "Your [sic] next." Hours later, Lieutenant Brown came to Plaintiff's cell to inquire whether Plaintiff had witnessed the November 25, 2017 incident involving Ferreira and Inmate Bradley. Plaintiff told Brown that Ferreira initially arranged for three prisoners to attack Inmate Bradley and then followed up by assaulting Inmate Bradley herself, and that Plaintiff planned to testify to that information in Court and write a declaration to support his statement. Plaintiff was interviewed by a Lieutenant from

ISU on December 29, 2017 and reiterated the same witness account he told Brown. Both Brown and the ISU Lieutenant told Plaintiff to provide them with a copy of his witness statement once complete. On December 30, 2017, Ferreira came to Plaintiff's cell and told him that with all of his mental health issues, what he thought he saw her do with Inmate Bradley was all in his head. On about December 31, 2017, Plaintiff completed his witness statement and sent copies to Brown, the ISU Lieutenant, CDCR's Office of Internal Affairs, the Office of the Inspector General, and the Office of the Ombudsman.

On January 14, 2018, Defendant Cota confronted Plaintiff and asked, "Your [sic] Williams in 12b right," and when Plaintiff confirmed, Defendant Cota said, "Why don't you give my girl Ferreira a break," to which Plaintiff responded that Ferreira should be arrested for how she treated Inmate Bradley. Two to three hours later, while Inmate Law was issuing Plaintiff's meal through the cell door food port, Defendant Cota openly advertised Plaintiff as a sex offender. Defendant Cota then filed a false RVR charging Plaintiff with indecent exposure. Plaintiff was found not guilty of the RVR. Meanwhile, between January 14, 2018 and February 28, 2018, Plaintiff was housed in the Indecent Exposure (IEX) program. Whenever Plaintiff left the IEX unit for medical or dental appointments or other hearings and interviews, general population prisoners recognized Plaintiff from the IEX housing unit would call Plaintiff "pervert" and make ongoing threats to "beat" and/or "stab" Plaintiff. On February 2, 2018, Plaintiff filed a grievance concerning Defendant Cota's conduct.

**III.    Motion to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is

3

1 futile." *Id.* These factors do not carry equal weight. Prejudice is the most important factor to
2 consider. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

3       In his motion, Plaintiff states that he commenced this action on March 20, 2019, originally
4 seeking to challenge CDCR's Non-Designated Housing Policy (NDHP), and the Court eventually
5 concluded that he failed to allege facts to raise a challenge to the NDHP. (ECF No. 61.)
6 Meanwhile, Plaintiff's grievance log # CSPC-4-17-06238, attached as Exhibit A to the proposed
7 second amended complaint, was pending exhaustion and was fully exhausted as of November 18,
8 2021. The proposed second amended complaint removes all challenges to the NDHP, provides a
9 more concise version of events, and provides more relevant and detailed facts that Plaintiff was
10 not able to recall or convey until some time after Plaintiff's psychotropic medications were
11 changed and adjusted around June to September 2022. (*Id.*)

12       Defendant opposes the motion, arguing that the proposed second amended complaint
13 seeks to add a claim against Correctional Sergeant Navarro for alleged sexual harassment in
14 November 2017, but fails to adequately explain why he waited more than three years after his
15 complaint was filed before adding this claim. (ECF No. 63.) Defendant contends that even if the
16 Court finds Plaintiff's explanation regarding the adjustment of his psychotropic medications
17 credible, the proposed amended complaint would be futile and subject to dismissal because the
18 alleged misconduct by Sergeant Navarro in November 2017 is unrelated to the claims against
19 Defendant Cota arising from events in January 2018. (*Id.*)

20       In reply, Plaintiff asserts that he adequately addressed the concern regarding the length of
21 time between the filing of his original complaint and the addition of this claim, and that there is
22 no violation of the joinder rules when the same defendant(s) claimed in Claim One of the
23 proposed amended complaint are also referenced in Claim Two. (ECF No. 64.)

24 **III.**    **Discussion**

25       As Defendant Cota has already filed a responsive pleading to the first amended complaint
26 and an opposition to Plaintiff's motion for leave to file a second amended complaint, Plaintiff
27 requires leave of the Court to further amend the complaint. Fed. R. Civ. P. 15(a). The Court does
28 not find that leave to amend is warranted.

4

First, the Court does not find credible Plaintiff's assertion that he only became able to recall and convey the events raised in Claim One after his medications were adjusted around June to September 2022. Plaintiff includes extensive documentation with specific details of that incident, in the form of grievances he filed and decisions on those grievances that reiterate the claims Plaintiff raised. (ECF No. 62, pp. 16–28.) Although Plaintiff may not have been able to independently and fully remember the details of the incident before his medication was adjusted, Plaintiff received a final decision on his grievance on December 31, 2021. (*Id.* at 16.) The decision included further details regarding the incident, such as the date, the name of Sergeant Navarro, what Navarro allegedly said to Plaintiff, and the allegation that Navarro leaned against Plaintiff and pressed his pepper spray can into Plaintiff's buttocks, causing pain. (*Id.*) Thus, it provided ample information about the claim that did not require Plaintiff's independent recollection. Plaintiff fails to explain why he did not or could not file a complaint regarding this claim, based on the details included in the December 31, 2021 decision, until the proposed second amended complaint filed more than a year later on January 11, 2023. Accordingly, the Court finds that Plaintiff has unduly delayed in bringing these claims before the Court.

Further, Plaintiff is incorrect that Federal Rules of Civil Procedure 18 and 20 require only that the same defendants are "referenced" in each claim he seeks to join. As Plaintiff was informed in the Court's order screening the first amended complaint, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349.

Plaintiff attempts to raise new claims against Lieutenant Brown, Sergeant Navarro, Sergeant Magallanes, and Officer Ferreira—none of whom were named in the original or first amended complaints in this action—by simply including their names in his factual allegations. However, Plaintiff has failed to allege that the actions of these individuals were in any way related to the actions of Defendant Cota on January 14, 2018, aside from the allegation that

5

Defendant Cota was motivated by a desire to retaliate against Plaintiff for cooperating in an investigation against Ferreira.  However, the proposed second amended complaint does not allege that Officer Ferreira in any way cooperated with Defendant Cota in relation to the January 14, 2018 incident at issue in this action, or that she was even aware of Defendant Cota's actions at that time.  Similarly, the other named defendants have no connection to Defendant Cota or the January 14, 2018 incident.  The fact that all of the incidents involved Plaintiff or alleged retaliation is not sufficient for the Court to find that the claims are related.  As Plaintiff's proposed claims do not arise out of the same transaction or series of transactions as the claims against Defendant Cota, and do not raise common questions of law or fact, the Court finds that these claims would be misjoined, and leave to amend would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The Court will not expend additional resources screening an amended complaint that raises new and misjoined claims and defendants that would only further delay this action.

## IV.  Recommendations

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for leave to amend the complaint, (ECF No. 61), be DENIED;
2. Plaintiff's first amended complaint, filed October 28, 2021, (ECF No. 31), remain the operative complaint; and
3. This action proceed on Plaintiff's first amended complaint against Defendant Cota for retaliation in violation of the First Amendment and failure to protect in violation of the Eighth Amendment only.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on

6

appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 28, 2023**        /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE