# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> ALLISON, *et al.*, <br><br> Defendants. | Case No. 1:19-cv-00371-JLT-BAM (PC) <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL <br> (ECF No. 65) <br><br> ORDER EXTENDING DISCOVERY DEADLINE FOR LIMITED PURPOSE <br><br> **Defendant's Supplemental Responses Due: August 14, 2023** <br><br> **Discovery Deadline: September 12, 2023** |

**I.    Procedural History**

Plaintiff John W. Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Cota ("Defendant") for retaliation in violation of the First Amendment and failure to protect in violation of the Eighth Amendment.

On February 24, 2023, Plaintiff filed a motion to compel regarding Defendant's responses to Plaintiff's Request for Production of Documents, Set One.  (ECF No. 65.)  The Court ordered the parties to meet and confer and to file a joint statement regarding the discovery dispute.  (ECF No. 67.)  On March 22, 2023, the parties filed a joint statement indicating that of the 10 documents requests at issue, only request numbers 8 and 9 were resolved during the conference.  (ECF No. 70.)  The Court reinstated briefing on the motion to compel regarding the remaining

1    discovery issues only.  (ECF No. 71.)

2       Defendant filed an opposition on April 13, 2023, (ECF No. 72), and Plaintiff filed a reply
3    on May 8, 2023, (ECF No. 73).  The motion is now fully briefed.  Local Rule 230(l).

4    **II.     Plaintiff's Motion to Compel**

5       In the motion to compel, Plaintiff contends that Defendant responded to his request for
6    production of documents with evasive, incomplete disclosures which all assert official
7    information privilege and erroneously contend that the discovery sought would not lead to the
8    discovery of relevant material related to Plaintiff's claims.  (ECF No. 65.)  Plaintiff argues that
9    the relevance of the requested information, as well as its importance to the central issues involved
10   in this case, demonstrate that his need for the information outweighs the privacy interests vaguely
11   asserted by Defendants.  (*Id.* at 5.)  Plaintiff asserts that the declaration of V. McSee in support of
12   Defendant's assertion of the official information privilege merely acknowledges the existence of
13   the evidence he seeks, and establishes the possession and control of such evidence, which
14   Plaintiff intends to discover only to use in proving his claims in this case.  Following the parties'
15   meet and confer, only requests for production numbered 1–7 and 10 are in dispute.  (ECF No. 70.)

16      In opposition, Defendant argues that requests numbered 1–3 seek photos of an area of the
17   prison that were never taken, and request number 10 seeks documents to show any adverse
18   disciplinary action taken against Defendant in connection with Plaintiff's staff complaint appeal
19   when no action was taken, and therefore there are no documents responsive to these requests.
20   (ECF No. 72, pp. 2–3.)  Requests numbered 4–7 seek documents indicating that Plaintiff's
21   allegations of staff misconduct were addressed by prison officials, witness statements in
22   connection with a staff complaint appeal filed by Plaintiff, and documents regarding the specific
23   policy staff violated in connection with that appeal.  All four of these requests seek materials
24   related to prison staff and inmates that include confidential information.  If such confidential
25   information were produced to Plaintiff, there is a substantial risk that the information would be
26   circulated through the prison population, and could be used to cause harm to prison officers or
27   inmates.  Nevertheless, Defendant will provide a redacted version of a document in response to
28   request numbers 5 and 6.  (*Id.*)

In reply, Plaintiff argues that the photos responsive to requests numbered 1–3 are not being provided not because they do not exist, but because the photo evidence would clearly support Plaintiff's version of events. (ECF No. 73.) With respect to requests numbered 4-7, Plaintiff has no intention of disclosing any such information to the inmate population and does not intend to threaten or harass officers or their families with this information. Any information disclosed will only be used in this litigation, and a protective order coupled with redactions of non-relevant information would satisfy any concerns raised by Defendant. Plaintiff requests that the Court conduct an *in camera* review of the documents before allowing Defendant to hide and withhold evidence clearly relevant to Plaintiff's claims. (*Id.*)

### A.     Legal Standards

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

The moving party bears the burden of informing the Court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the response is deficient; (4) why any objections are not justified; and (5) why the information sought through discovery is relevant to the prosecution or defense of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

In responding to requests for production, a party must produce documents or other tangible things which are in their "possession, custody or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or

state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.").

### B.     Requests for Production of Documents ("POD") Nos. 1–3

POD No. 1: Still photos from the CLD5 control booth tower into cell CLD5 126L which allowed you to "observe inmate Williams AV34099 sitting on his cell desk" staring right at you as recorded in your Rules Violation Report (RVR) log #4175441, dated January 14, 2018.

POD No. 2: Still photos from the CLD5 control booth tower in cell CLD5-126L which allowed you to "look into cell 126" and observe "Williams had his state pants and boxers pulled to his mid thigh exposing his EIEL + penis" as recorded in your RVR log# 4175441, dated January 14, 2018, and attached as Exhibit 'A' herein.

POD No. 3: Still photos from the ELD5 Control booth tower into cell ELD5-126L which allowed you to specifically observe inmate Williams continued to stare at you "and stroking his penis in an up and down motion with his right hand" as recorded in your RVR log #4175441, dated January 14, 2018, and attached at Exhibit 'A' herein.

Response to POD Nos. 1–3:[1] Defendant objects that the request as it is overbroad, not relevant to Plaintiff's claims or any affirmative defenses, would not lead to the discovery of

---

[1] As Defendant provided identical responses to POD Nos. 1–3, for the sake of brevity the Court reproduces the response only once here.

relevant material related to Plaintiff's claims, and is not proportional to the needs of this case.

Without waiving the objections, Defendant is not aware of still photos of the area in question.

Ruling on POD Nos. 1–3: Plaintiff's motion to compel with respect to POD Nos. 1–3 is denied.  The Court cannot compel a party to produce documents that do not exist, and Defendant asserts that she is not aware of any such photos of the area in question.  Defendant also states that following a March 15, 2023 conference with Plaintiff, defense counsel again confirmed with prison officials that no photographs of the area exist.  (ECF No. 72, p. 2.)

While Plaintiff may believe that the requested photos exist and are not being produced simply to hinder his case, in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided.  Mere distrust and suspicion regarding discovery responses do not form legitimate basis to further challenge responses which are facially legally sufficient.  In the absence of evidence to the contrary, which has not been presented here, Plaintiff is required to accept Defendant's response that the specific requested photos do not exist.  *See Mootry v. Flores*, 2014 WL 3587839, *2 (E.D. Cal. 2014).

Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P. 11(b).  *See also* Fed. R. Civ. P. 33(c).  Further, Defendant is required to supplement her discovery responses should she learn that her responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff.  Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

**C.     POD Nos. 4–7**

POD No. 4: All documents which would reveal that "the second level of review /SLR/ identified and addressed the appellant's allegations of staff misconduct" recorded in third level appeal decision, third level review/TLR, case no. 1804710, attached at Exhibit 'B' herein.

POD No. 5: All documents which would reveal witness answers or response to questions pose in appeal inquiry staff complaint response memorandum appeal log #CSPC-6-18-00701

1    dated March 5, 2018, and attached at Exhibit 'B' herein.

2      POD No. 6: All documents which would reveal witness answers or response to questions
3    pose in appeal inquiry staff complaint response memorandum appeal log #CSPC-6-18-00701,
4    amended date July 15, 2018, and attached at Exhibit 'B' herein.

5      POD No. 7: All documents which would reveal the specific policy staff violated in staff
6    complaint appeal inquiry log# CSPC-6-18-00701 amended memorandum dated July 15, 2018,
7    and attached at Exhibit 'B' herein.

8      Response to POD Nos. 4–7:[2] Defendant objects that the request as it is overbroad, not
9    relevant to Plaintiff's claims or any affirmative defenses, would not lead to the discovery of
10   relevant material related to Plaintiff's claims, and is not proportional to the needs of this case.
11   Defendant specially objects that the request may seek information protected by the official
12   information privilege. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

### 1. Official Information Privilege

Federal common law recognizes a qualified privilege for official information. *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). In determining what level of protection should be afforded by this privilege, courts conduct a case-by-case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. *Soto v. City of Concord*, 162 F.R.D. 603, 613–14 (N.D. Cal. 1995); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987); *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230–31 (S.D. Cal. 1993).

However, before a court will engage in this balancing of interests, the party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." *Kelly*, 114 F.R.D. at 669. To make a substantial threshold showing of a qualified privilege, a "party must submit, at the time it files and serves its response to the discovery request, a declaration or

---

[2] As Defendant provided identical responses to POD Nos. 4–7, for the sake of brevity the Court reproduces the response only once here.

affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *Id.* The affidavit must include: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made." *Id.* at 670; *see also Chism v. Cty. of San Bernardino*, 159 F.R.D. 531, 533 (C.D. Cal. 1994); *Hampton*, 147 F.R.D. at 230–31; *Miller*, 141 F.R.D. at 301. A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources without undue economic burden. *Kelly*, 114 F.R.D. at 670.

If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue. If a defendant meets the threshold requirements, the court will order an *in camera* review of the material and balance each party's interests. *Id.* at 671; *Chism*, 159 F.R.D. at 533–34; *Hampton*, 147 F.R.D. at 231; *Miller*, 141 F.R.D. at 301.

**2.    Defendant Has Not Made a Threshold Showing that the Official Information Privilege Applies**

Defendant has submitted the declaration of V. McSee, litigation coordinator for R.J. Donovan State Prison, in support of the assertion of official information privilege. (ECF No. 65, pp. 16–19.) McSee declares that he is familiar with CDCR policies and procedures regarding the handling of confidential documents and the numerous ways in which disclosing information to inmates would threaten and undermine the safety and security of CDCR's prisons, staff, and inmates. (*Id.* at 16.) This declaration fails to meet the "substantial threshold showing" required to invoke the official information privilege. *Kelly*, 114 F.R.D. at 669.

///

First, the declaration does not affirm "that the agency generated or collected the material in issue" or state that McSee "personally reviewed the material in question." *Id.* at 670. Rather, McSee declares that "[t]he materials sought by Plaintiff *may* contain documents related to internal CDCR investigations, private information about CDCR officers and employees, inmate witness statements about a use-of-force incident involving inmate Bradley, as well as private information about third-party inmates." (ECF No. 65, p. 18 (emphasis added).)  Further, McSee declares that "the materials sought by Plaintiff in request for production of documents, numbers four through ten . . . *potentially* includes documents" of the type previously listed. (*Id.* at 19 (emphasis added).

At no point does McSee declare that any potentially responsive documents were even collected or generated as a result of Plaintiff's discovery request, nor does McSee indicate that he conducted a personal review of the material in question, as required by *Kelly*. As such, McSee is only able to assert generic statements of concern and harm, which are typically found insufficient to overcome the moderately weighted presumption in favor of disclosure. *See Kelly*, 114 F.R.D. at 672; *see also*, *e.g.*, *Bird v. Mayhew*, Case No. 1:15-cv-00298-LJO-SAB (PC), 2016 WL 374555, at *6 (E.D. Cal. Feb. 1, 2016) ("Defendant asserts the official information privilege by presenting boilerplate objections that fails to comply with the above requirements."); *Johnson v. Sandy*, Case No. 2:12-cv-2922 JAM AC P, 2014 WL 4631642, at *11 (E.D. Cal. Sept. 15, 2014) (rejecting "broad objections and boilerplate claims of confidentiality and policy rights").

Further, even assuming that potentially responsive documents were collected, because Defendant has not provided a privilege log, there is no indication that any of those documents actually contained information that could not be disclosed. Thus, it is presumptive for McSee to then declare that "[d]isclosure subject to a carefully crafted protective order as part of an in camera review would not alleviate the substantial risk of harm to significant governmental or privacy interests[,]" or that "there is simply no way to guarantee that the confidential information will not make its way into the inmate population, and the potential harm is too severe to risk." (ECF No. 65, pp. 18–19.)  Indeed, in her reply, Defendant indicates that a redacted document responsive to POD Nos. 5 and 6 can be provided to Plaintiff. (ECF No. 72, p. 3.)  Defendant has not made any showing that there are no other responsive documents that could be produced

1 subject to appropriate redactions.

2    <u>Ruling on POD Nos. 4–7</u>: Because Defendant has not made the required substantial threshold showing and has not provided adequate information concerning the claim of privilege, the Court rejects the claim of official information privilege.  Defendant's remaining objections that the requests are overbroad, irrelevant, would not lead to the discovery of relevant material, and are not proportional to the needs of the case are overruled.  POD Nos. 4–7 all seek documents related to Plaintiff's staff complaint appeal log #CSPC-6-18-00701 and any investigation conducted in response, which are directly related to the claims against Defendant Cota raised in this action.[3]

    Accordingly, Plaintiff's motion to compel with respect to POD Nos. 4–7, to the extent it seeks supplemental responses, is granted.  Defendant is ordered to serve supplemental responses to POD Nos. 4–7 on Plaintiff within thirty (30) days.  If Defendant opts to re-assert the official information privilege, any objections should include an adequate supporting declaration and/or privilege log in conformity with the standards set forth above.

**D.    POD No. 10**

<u>POD No. 10</u>: All documents which would show any adverse disciplinary action taken against you as a result of staff complaint log #CSPC-6-18-00701.

<u>Response to POD No. 10</u>: Defendant objects that the request as it is overbroad, not relevant to Plaintiff's claims or any affirmative defenses, would not lead to the discovery of relevant material related to Plaintiff's claims, and is not proportional to the needs of this case.  Defendant specially objects that the request may seek information protected by the official information privilege.  *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

<u>Ruling on POD No. 10</u>: Defendant asserts in the opposition to Plaintiff's motion to compel that Defendant did not receive any adverse disciplinary action in connection with the

---

[3] Plaintiff apparently attached copies of the third level appeal decision and staff complaint appeal to his original discovery requests, but did not attach these exhibits to the motion to compel.  The Court notes, however, that copies of the relevant appeal decisions are attached to the second amended complaint lodged on January 11, 2023, (ECF No. 62, pp. 41–56), and Defendant does not appear to dispute that staff complaint appeal #CSPC-6-18-00701 related to a complaint made against her by Plaintiff, (*see* ECF No. 72, p. 3).

9

relevant appeal, and therefore, there are no responsive documents to produce to Plaintiff. As Plaintiff does not contest this assertion in his reply brief, the motion to compel with respect to POD No. 10 is denied for the reasons stated in the ruling on POD Nos. 1–3. The remaining objections are overruled as moot.

### III.  Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, (ECF No. 65), is GRANTED IN PART and DENIED IN PART, as follows:
   a. Plaintiff's motion to compel with respect to Plaintiff's Request for Production of Documents, Set One (Nos. 4–7), to the extent it seeks supplemental responses, is GRANTED; and
   b. Plaintiff's motion to compel with respect to Plaintiff's Request for Production of Documents, Set One (Nos. 1–3, 10) is DENIED;
2. On or before **August 14, 2023**, Defendant SHALL serve supplemental responses to Plaintiff's Request for Production of Documents, Set One (Nos. 4–7), as discussed above;
3. The August 4, 2023 deadline for completion of all discovery is extended until **September 12, 2023**, for the limited purpose of allowing Defendant to file supplemental responses to Plaintiff's Request for Production of Documents, Set One, and for Plaintiff to file a renewed motion to compel, if necessary; and
4. All other requirements and deadlines set forth in the Court's December 7, 2022 amended discovery and scheduling order, (ECF No. 60), remain in place.

IT IS SO ORDERED.

Dated:  **July 17, 2023**                  /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE

10